UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PATRICK B. BELL,

    Plaintiff,

    v.

JONATHAN MUNIZ, et al.,

    Defendants.

Case No. 14-cv-02947-VC

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

Patrick B. Bell, an inmate at San Quentin State Prison proceeding *pro se*, filed a civil rights complaint against officers of the Oakland Police Department pursuant to 42 U.S.C. § 1983. Bell has filed a motion for leave to proceed in forma pauperis ("IFP") with a completed IFP application, which is granted in a separate order. The Court now addresses the claims asserted in Bell's complaint.

## DISCUSSION

### I.  Standard of Review

A federal court must screen any case in which a prisoner seeks redress from a governmental entity, or officer or employee of a governmental entity, to identify any cognizable claims and dismiss any that: (1) are frivolous or malicious; (2) fail to state a claim upon which relief may be granted; or (3) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S.

42, 48 (1988).

Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant's actions both actually and proximately caused the deprivation of a federally protected right. *Lemire v. California Dep't of Corrections & Rehabilitation*, 726 F.3d 1062, 1074 (9th Cir. 2013); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). A person deprives another of a constitutional right within the meaning of Section 1983 if he does an affirmative act, participates in another's affirmative act or fails to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *Leer*, 844 F.2d at 633. But there is no respondeat superior liability under Section 1983. *Lemire*, 726 F.3d at 1074. That is, a supervisor is not liable merely because the supervisor is responsible, in general terms, for the actions of another. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *Ybarra v. Reno Thunderbird Mobile Home Village*, 723 F.2d 675, 680-81 (9th Cir. 1984). A supervisor may be liable only on a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Henry A. v. Willden*, 678 F.3d 991, 1003-04 (9th Cir. 2012). It is insufficient for a plaintiff to allege generally that supervisors knew about the constitutional violation or that they generally created policies and procedures that led to the violation, without alleging "a specific policy" or "a specific event" instigated by them that led to the constitutional violation. *Hydrick v. Hunter*, 669 F.3d 937, 942 (9th Cir. 2012).

**II.   Bell's Allegations**

In his complaint, Bell alleges the following:

On July 7, 2012, Oakland police officers arrested him on a charge of robbery. Officer Jonathan Muniz's recording device is so obscured that it shows he planted inculpatory evidence. Officers Dill, Smith and R. Saleh acquiesced in the planting of evidence because they failed to record Muniz's search. Muniz and Dill failed to preserve evidence that was potentially favorable to Bell. Sergeant E. Mausz and Officer Joseph Jochim acquiesced in the wrongdoing.

### III. Bell's Claims

To recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. *See id.* at 487. *Heck* generally bars claims challenging the validity of an arrest or prosecution. *See Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996) (*Heck* bars plaintiff's claims that defendants lacked probable cause to arrest him and brought unfounded criminal charges against him).

Because Bell is incarcerated at San Quentin State Prison, he has been convicted of some crime. If he is incarcerated because he was convicted on the robbery charge at issue in his complaint, his claim would be barred by *Heck v. Humphrey* unless he can show that the conviction or sentence was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal or called into question by a court's issuance of a writ of habeas corpus.

Therefore, Bell's complaint is dismissed with leave to amend. He must either show that he was not convicted of the robbery offense, or if he was that the conviction has been reversed, expunged, declared invalid or called into question by the issuance of a writ of habeas corpus.

### CONCLUSION

Based on the foregoing, the Court orders as follows:

1. Bell's Fourth Amendment claim is dismissed because of the likelihood that it is barred by *Heck v. Humphrey*. He is given leave to amend to add allegations discussed above, if he can show in good faith that his claim is not barred by *Heck*.

2. Bell may, if he can do so in good faith, file a First Amended Complaint ("FAC"). If Bell files a FAC, he must do so within twenty-eight days from the date of this order. If he does not file a FAC within this time, the case will be closed, without prejudice to filing a new complaint if the

3

status of his conviction changes such that he would be permitted to bring a civil rights action.

3. The amended complaint must include the caption and civil case number used in this Order and the words AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, Bell must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference.

4. It is Bell's responsibility to prosecute this case. Bell must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: September 18, 2014

_____
VINCE CHHABRIA
United States District Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK B. BELL,<br><br>    Plaintiff,<br><br>v.<br><br>JONATHAN MUNIZ, et al.,<br><br>    Defendants. | Case No.  14-cv-02947-VC<br><br>**CERTIFICATE OF SERVICE** |

    I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

    That on 9/18/2014, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Patrick B. Bell ID: AU4562
San Quentin State Prison
San Quentin, CA 94974


Dated: 9/18/2014

                                              Richard W. Wieking
                                              Clerk, United States District Court

                                              By:_____
                                              Kristen Melen, Deputy Clerk to the
                                              Honorable VINCE CHHABRIA