UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PATRICK B. BELL,

    Plaintiff,

v.

JONATHAN MUNIZ, et al.,

    Defendants.

Case No. 14-cv-02947-VC

**ORDER OF DISMISSAL**

Patrick B. Bell, an inmate at San Quentin State Prison proceeding *pro se*, filed a civil rights complaint against officers in the Oakland Police Department pursuant to 42 U.S.C. § 1983. In his complaint, Bell alleged that the defendants arrested him on a charge of robbery and that, during the arrest, they planted inculpatory evidence and failed to preserve exculpatory evidence. In an order of dismissal with leave to amend, the Court stated that, because Bell was incarcerated at San Quentin, he had been convicted of a crime and, if he was incarcerated because of his conviction on the robbery charge brought by the defendants, his claim would be barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). The Court dismissed Bell's claims with leave to amend for him to add allegations showing that his claims are not barred by *Heck*. Bell has filed a timely amended complaint and a memorandum of points and authorities in support of his complaint. The Court now reviews Bell's amended complaint under 28 U.S.C. § 1915A.

**DISCUSSION**

Bell acknowledges that he is incarcerated on the robbery charge as a result of the defendants search and arrest. In his amended complaint, Bell has deleted allegations that the defendants planted inculpatory evidence and focusses on the allegations that they failed to preserve exculpatory evidence. Bell now alleges that Officers Jonathan Muniz and R. Saleh detained him as a robbery suspect, Muniz conducted a pat-down search and allegedly found a stolen wallet and another officer returned the wallet to the victim instead of preserving it for

testing, trial or other proceedings.

Under *Heck*, to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *See Heck*, 512 U.S. at 486-87. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. *Id.* at 487. *Heck* generally bars claims challenging the validity of an arrest or prosecution. *See Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996) (*Heck* bars plaintiff's claims that defendants lacked probable cause to arrest him and brought unfounded criminal charges against him).

Bell argues that his due process claim against the defendants will not invalidate or implicate his robbery conviction because "a trial court has discretion to impose sanctions for the failure to preserve evidence for trial; the failure to preserve evidence does not necessarily result in a dismissal of charges or a sanction that would call into question the conviction." However, he also argues that he has a due process right to present a meaningful defense based upon a constitutionally guaranteed right to access the evidence against him. Bell's attempts to distinguish between his right to present a defense from the potential invalidation of his conviction is unpersuasive. Although he cites several cases, they fail to support his argument. One of his cases is *California v. Trombetta*, 467 U.S. 479, 486-88 (1984), in which the Supreme Court held that the government's failure to preserve the defendants' breath samples in order to challenge incriminating test results produced with an intoxilyzer did not offend the Constitution. The Court explained that the government's duty to preserve evidence is limited to evidence that might be expected to play a significant role in the suspect's defense and so it must possess an exculpatory value apparent before the evidence was destroyed and be of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means. *Id.* at 488-89. Neither of these conditions was present in the evidence that the government failed to preserve. *Id.* at 489. In another case Bell cites, *Arizona v. Youngblood*, 488 U.S. 51, 58 (1988), the Court held

2

that police officers' failure to perform tests on semen samples and to refrigerate the victim's clothing did not violate the defendant's constitutional rights because officers are not required by the Due Process Clause to use a particular investigatory tool. *Id.* at 58-59.

Bell's cases show that due process claims are complex and dependent on the facts of each case; they do not show that a § 1983 due process claim, based on the same events as a due process claim on appeal or in a habeas proceeding, would not affect the validity of his conviction. In other words, if this Court were to address Bell's due process claims in the first instance and ruled in his favor, the ruling would necessarily implicate the validity of his conviction.

Bell requests, in the event that his civil rights case is barred by *Heck*, that the Court grant an "abstention" to file the case at a later date so that he may not exceed the statute of limitations. The Court construes this as a request to stay this case while Bell challenges his conviction in state court. In *Heck,* the Court explained that the "statute of limitations poses no difficulty while the state challenges are being pursued, since the § 1983 claim has not yet arisen. . . . a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." *Heck*, 512 U.S. at 489-90. Because the statute of limitations on Bell's § 1983 claim would not begin to run until his conviction or sentence is invalidated, there is no need to stay this case.

## CONCLUSION

Based on the foregoing, the Court orders as follows:

1. The claims in Bell's complaint are dismissed without leave to amend. However, dismissal under section 1915(A) is without prejudice to filing a paid complaint.

2. The Clerk shall enter a separate judgment and close the file.

**IT IS SO ORDERED**.

Dated: October 28, 2014

_____
VINCE CHHABRIA
United States District Judge